## WILLIAM BROWN *versus* THOMAS ROBERTSON

October 31, 1825

Andrew G. Whitney, attorney for plaintiff (defendant in certiorari).
Charles Larned and George A. O'Keeffe, attorneys for defendant (plaintiff in
   certiorari).

## [OPINION]

Robison vs Brown— from Justice J. K. Smith

Errors ass$^d$ 1st that the Consideration of the Note, as disclosed, is illegal— That it was given upon a Composition of felony— &$^c$

The note was given for goods sold by the Pltff below and which goods were paid for by Counterfeit Bills, which on being discovered to be bad were returned to the purchaser— It does not appear that the parties at the time the Bills were paid, knew that the same were spurious— It was no legal pay$^t$ and left Brown at liberty to sue on the original consideration, which it appears he did— The note on which this action is founded, was given for the goods— Robison who sig$^d$ as security was indemnified at the time by the purchaser of the goods, and in equity as well as at Law is bound to pay it—

2$^d$ point. That Two of the jurors who sat on the trial were foreigners— It does not appear by the return of the magistrate that such was the fact— The Court will not assume a fact out of the return— The action was an amicable one, and no exception to the jurors who are now stated by the Def$^t$ to have been foreigners was made before the magistrate—

3$^d$ Exception— That the trial was had on the copy of the note, and that no evidence was given of the loss of the original note.

The return of the Justice shews that on bringing the original action, the note in question, was filed with the precipie in his office— And that on the day assig$^d$ for trial, the note was not to be found by the Magistrate, altho diligent search was by him made— Thereupon by agreement of parties, the Cause of action was varied so as to shew it brought on a Note lost.— Evidence was admitted to prove the Copy of the note on trial, and on that evidence the Jury gave their verdict—

The Law requires that the best evidence, that the nature of the demand will admit, shall be adduced— or in other words evidence is not admissable, which shews better better evidence in the hands or power of the party— A Copy therefore is not admissable to supply the place of the original, unless such original is Lost or in the hands of the adverse party.

In the present Case the original was in the Custody of the law, and whilst in such custody was lost, as certified by the justice—. I think the magistrate was competent to certify the fact, as it was in his judicial custody— Such appears to have been the opinion of the Defendant, as he agreed to go to trial and make defense to the copy—

Another point was made by the Counsel for Robison, and pressed with much zeal— That as he had assigned an error in fact, Towit that Two jurors were aliens, to which the defendant put in a gen$^l$ joinder, he therefore admitted such error in fact— and for inasmuch as aliens are not qualified to act as Jurors therefore the Judg$^t$ must be reversed— In support of this arg$^t$ he cited the 6th of Johnston 316—

By the statute a Justice of the peace is bound to return to a Certiorari his record, and to such facts as he may be notified of by the affidavit of the party— When a return is so made, this Court are authorised to pass on it in review— We must be confined to the return, and cannot travel out of it, or enquire into other matters not embraced by the return—

The party is Likewise Confined to the return in assigning his errors— If he goes out of the return, and assigns for error, what is not embraced in the return, the assignment so far, must be bad and the oposite party is not bound to notice it— Nor is such fact admitted by a general joinder in error. No error is admitted by a Gen$^l$ joinder, but such as are well assigned—

I am therefore of the opinion that the judg^t below ought to be affirmed—